**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna L. Stypeck, | No. CV-15-08163-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| City of Clarkdale, et al., | |
| Defendants. | |

Defendant Richard S. Calvert moves to vacate the clerk's entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and to dismiss the action for insufficient service of process pursuant to Rule 12(b)(5). Doc. 59. The Court will vacate the default, deny the motion to dismiss, and grant Plaintiff limited additional time to complete proper service on Defendant Calvert.

Plaintiff served Defendant by certified mail. Doc. 32. Rule 4 provides that an individual may be served by delivering copies of the summons and complaint to the individual personally, leaving copies at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering copies to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). The rule does not expressly permit service by certified mail, but it does provide that service may be completed in accordance with the law of the state where service is made. *See* Rule 4(e)(1). Arizona law does not permit service by certified mail on individuals served within the state. *See* Ariz. R. Civ. P. 4.1(d). Thus, Defendant Calvert

has not been properly served and default cannot be entered against him. *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) ("Where service of process is insufficient, the entry of default is void and must be set aside.") (citing *Varnes v. Local 91, Glass Bottle Blower's Ass'n of U.S. and Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982)).

A defendant may move to dismiss an action under Rule 12(b)(5) if service of process is insufficient, but district courts have discretion to either dismiss the action or quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). Because Plaintiff is proceeding *pro se*, the Court will quash service rather than dismiss the action. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) ("[I]n evaluating [a *pro se* plaintiff's] compliance with the technical rules of civil procedure, we treat [her] with great leniency"). The Court will permit Plaintiff to serve Defendant properly by **May 20, 2016**, or the action may be dismissed on Defendant's motion.

**IT IS ORDERED**:

1. Defendant's motion to vacate default (Doc. 59) is **granted**.
2. Defendant's motion to dismiss (Doc. 59) is **denied**.
3. Plaintiff has until **May 20, 2016**, to serve Defendant Richard S. Calvert in accordance with Rule 4(e) of the Federal Rules of Civil Procedure, or the action may be dismissed on Defendant's motion.
4. Plaintiff's motions for default judgment (Doc. 63) and for a case management conference related to the motion for default judgment (Doc. 65) are **denied**.

Dated this 29th day of April, 2016.

_____
David G. Campbell
United States District Judge