**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna L. Stypeck,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>City of Clarkdale, et al.,<br><br>　　　　　　　　Defendants. | No. CV-15-08163-PCT-DGC<br><br>**ORDER** |

      Defendants City of Clarkdale, Clarkdale City Council, Doug Von Gausig, Richard Dehnert, Curtiss Bohall, Bill Regner, and Scott Buckley move to dismiss all claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 45. The motion has been fully briefed (Docs. 45, 61, 64), and no party has requested oral argument. For the following reasons, the Court will grant the motion.

**I.**    **Background.**

      Jonathan Millet is a prosecutor for the Town of Clarkdale and Kathy Parker is his assistant. Doc. 13 at 2-3. Defendants Von Gausig, Dehnert, Bohall, Regner, and Buckley are Clarkdale City Council members. *Id.* at 2. On June 13, 2015, Plaintiff's dog allegedly injured Defendant Calvert's horse in Tuzigoot National Monument. Doc. 13 at 3-4. In his capacity as Town Prosecutor, Millet sent a letter to Plaintiff on August 3, 2015, asking her to call Parker for a phone interview regarding the "Incident at Tuzigoot Park." Doc. 1-1. When Plaintiff called, Parker allegedly said: "And here's how it goes. If you don't pay the vet bill [for Calvert's horse], then charges will be filed."

Doc. 13 at 5.  Plaintiff accepted this plea bargain, agreeing to pay the vet bill in exchange for Millet's agreement not to file charges.  Doc. 1-1.

Plaintiff filed this lawsuit on August 31, 2015.  Her amended complaint alleges that Millet and Parker's conduct violated her constitutional rights.  She seeks relief under 42 U.S.C. §§ 1983 and 1985.  Doc. 13.  The amended complaint also alleges that Millet's conduct was City "protocol," and that the City "condoned" his actions and "conspired" with him.  *Id.* at 13, 18, 20.  Plaintiff also asserts claims for intentional infliction of emotional distress ("IIED") and extortion.  *Id.* at 19-21.

## I. Legal Standard.

A successful 12(b)(6) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

## II. Analysis.

### A. Claims Against the City Council and Its Members.

Plaintiff does not plead any facts alleging that the City Council or its individual members committed wrongful acts.  In fact, she does not even mention these parties in the specific counts of her amended complaint.  Doc. 13.  Therefore, all claims against the City Council and its individual members are dismissed.

### B. Claims Against the City.

Defendants argue that the Court should dismiss all §§ 1983 and 1985 claims against the City because a municipality's liability for purposes of § 1983 "cannot be based solely on *respondeat superior*."  Doc. 45 at 8.  The Court agrees.

A municipality cannot be held liable for the torts of its employees "under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff in a § 1983 action must plead facts that, if true, show that "a policy, practice, or custom of the entity . . . [was] a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Plaintiff fails to plead facts establishing that the City violated her constitutional rights. Count II appears to assert Due Process and Equal Protection violations by Millet, which must be § 1983 claims. Because there is no *respondeat superior* liability under § 1983, however, this claim must be dismissed against the City. Counts IX, XI, and XV allege supervisory liability against the City under § 1983, but include only conclusory allegations, stating that Millet's conduct was "most likely a protocol" of the City and that the City "condoned" Millet's actions and "conspired" with him. Doc. 13 at 13, 18, 20. The only fact Plaintiff alleges to support these conclusions, however, is Parker's statement that charges would be filed if Plaintiff did not pay the vet bill. *Id.* at 18. Parker's statement is not sufficient to show a "policy, practice, or custom" of the City that violated Plaintiff's constitutional rights. *Dougherty*, 654 F.3d at 900. Therefore, Plaintiff's § 1983 claims against the City are dismissed. Because Plaintiff is unable to state a claim under § 1983, her § 1985 claims must also be dismissed. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) ("[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983.").

Defendants argue that Plaintiff's state law claims against the City are barred because she failed to comply with the 180-day notice requirement of A.R.S. § 12-821.01(A). Doc. 45 at 13. The Court agrees. It appears that Plaintiff's cause of action accrued between August 3 and 11, 2015. Doc. 13 at ¶¶ 25-26. More than 180 days have passed, and Plaintiff does not dispute that she failed to serve a notice of claim on the City. Doc. 61 at 14. Plaintiff's state claims against the City (and the City Council and its members) are therefore barred under Arizona law.

## IV. Leave to Amend.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks omitted). But "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

Because Plaintiff's state law claims are barred by § 12-821.01(A), she may not amend these claims. The Court cannot conclude, however, that Plaintiff is unable to plead facts that might state a claim under §§ 1983 and 1985 against the City, the City Council, or its individual members. The Court therefore will grant Plaintiff leave to amend these claims. Plaintiff has had two opportunities to state a claim against these Defendants. The Court cautions Plaintiff that this third opportunity is her last. If Plaintiff again fails to state a claim, further amendments will not be allowed.

**IT IS ORDERED:**

1. The motion to dismiss claims against the City of Clarkdale, Clarkdale City Council, Doug Von Gausig, Richard Dehnert, Curtiss Bohall, Bill Regner, and Scott Buckley (Doc. 45) is **granted**.
2. Plaintiff may file a second amended complaint by **May 20, 2016**.

Dated this 29th day of April, 2016.

_____
David G. Campbell
United States District Judge

- 4 -