**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna L. Stypeck, | No. CV15-08163-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| City of Clarkdale et al., | |
| Defendants. | |

Plaintiff has filed a motion to disqualify the undersigned judge pursuant to 28 U.S.C. § 455. Doc. 73. Plaintiff states that she has learned from Internet searches that some of the defendants in this case and the undersigned judge are Mormons (members of The Church of Jesus Christ of Latter-Day Saints). Plaintiff states that she is "fearful that a conspiracy exists between them and that she has not received an impartial court and will not receive an impartial court." *Id.* at 2-3.

Section 455 provides that a United States judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Federal courts consistently hold, however, that membership in a church does not create a sufficient appearance of bias to require disqualification. *See Feminist Women's Health Center v. Codispoti*, 69 F.3d 399, 400-401 (9th Cir. 1995); *Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir.1984); *Menora v. Illinois High School Ass'n*, 527 F.Supp. 632, 634 (N.D. Ill. 1981); *State of Idaho v. Freeman*, 507 F.Supp. 706, 729 (D. Idaho 1981); *see also Commonwealth of Pennsylvania v. Local Union 542, International*

1   *Union of Operating Engineers*, 388 F.Supp. 155 (E.D.Pa.1974).

2          As the Tenth Circuit has explained:

3          [M]erely because Judge Stewart belongs to and contributes to the Mormon
4          Church would never be enough to disqualify him. . . .  Religious freedom is
           one of the Constitution's most closely guarded values.   The First
5          Amendment prohibits congressional action respecting an establishment of
6          religion, or prohibiting its free exercise.  Article VI, clause 3, provides that
           all governmental officers be bound by an oath to support the Constitution,
7          and that "no religious Test shall ever be required as a Qualification to any
8          Office or public Trust under the United States."  Should we require federal
           judges to disclose the firmness of their beliefs in religious doctrine, it is a
9          very fine line before we enter the business of evaluating the relative merits
10         of differing religious claims.

11  *In re McCarthey*, 368 F.3d 1266, 1270 (10th Cir. 2004) (quotation marks and citations
12  omitted).

13         Given this well established law, the Court concludes that recusal is not required.
14  The undersigned holds no bias against Plaintiff, and had no knowledge of Defendants'
15  religious affiliations prior to Plaintiff's motion.   Those affiliations will not affect the
16  Court's rulings in this case.  Nor can the Court conclude that § 455 requires recusal.

17         As Judge Higginbotham noted in denying a similar motion to disqualify:  "If the
18  facts pleaded do not warrant my disqualification, I am not only permitted to continue to
19  preside over the case, I have an affirmative duty not to withdraw."  *Commonwealth of*
20  *Pennsylvania*, 388 F.Supp. at 159 (citations omitted).

21         **IT IS ORDERED** that Plaintiff's motion for disqualification (Doc. 73) is **denied**.
22  Dated this 20th day of May, 2016.

23

24

25  _____
              David G. Campbell
26            United States District Judge

27

28

- 2 -