**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna L Stypeck, | No. CV-15-08163-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| City of Clarkdale, et al., | |
| Defendants. | |

Three motions are currently pending in this case: the Clarkdale Defendants' motion to dismiss Plaintiff's second amended complaint (Doc. 78), Defendant Richard S. Calvert's motion to set aside default (Doc. 92), and Plaintiff's motion for default judgment against Calvert (Doc. 93). The motion to dismiss has been fully briefed (Docs. 85, 89), and the deadline has passed for filing a response to either of the other motions. No party requests oral argument. The Court will grant the Clarkdale Defendants' motion, grant Calvert's motion, and deny Plaintiff's motion.

## I.     Background.

In June 2015, Plaintiff's dog was involved in an altercation with Richard Calvert's horse. Doc. 1. Calvert told the authorities that Plaintiff's dog bit his horse and that veterinary treatment was required. *Id.* In August 2015, Jonathan Millet, the prosecutor for the City of Clarkdale, sent a letter to Plaintiff asking to interview her about the incident. Doc. 54, ¶ 4. When Plaintiff called, Katy Parker (Millet's assistant) allegedly

1  told Plaintiff: "And here's how it goes.  If you don't pay the vet bill, then charges will be

2  filed."  Doc. 54, ¶ 4.  Plaintiff agreed to pay the bill in exchange for Millet's agreement

3  not to file charges.  Doc. 1-1.  Thereafter, Plaintiff asserted claims against three groups of

4  defendants: Millet and Parker; the City of Clarkdale, its City Council, and the individual

5  council members (collectively, the "Clarkdale Defendants"); and Richard Calvert.

6  Docs. 1, 13.  The Court has dismissed Plaintiff's claims against Millet and Parker with

7  prejudice.  Docs. 40, 72, 77.

8  **A.  Claims against the Clarkdale Defendants.**

9  Plaintiff asserted constitutional claims under 42 U.S.C. §§ 1983 and 1985, and

10  several state-law claims, against the Clarkdale Defendants.  Doc. 13.  On February 23,

11  2016, the Clarkdale Defendants filed a motion to dismiss these claims.  Doc. 45.  The

12  Court granted the motion, concluding that (1) Plaintiff had not pleaded any facts alleging

13  that the City Council or its individual members committed wrongful acts; (2) the City

14  could not be liable under § 1983 on a respondeat superior theory; and (3) Plaintiff's state-

15  law claims were barred by Arizona's notice-of-claim statute.  Doc. 70 at 2-3.  The Court

16  determined that Plaintiff's state-law claims could not be cured by amendment.  *Id.* at 4.  It

17  went on to address Plaintiff's federal claims:

18  > The Court cannot conclude, however, that Plaintiff is unable to plead facts
   > that might state a claim under §§ 1983 and 1985 against the City, the City
19  > Council, or its individual members.  The Court therefore will grant Plaintiff
   > leave to amend these claims.  Plaintiff has had two opportunities to state a
20  > claim against these Defendants.  The Court cautions Plaintiff that this third
   > opportunity is her last.  If Plaintiff again fails to state a claim, further
21  > amendments will not be allowed.

22  *Id.*

23  Plaintiff filed an amended complaint (her fourth in this action) on May 20, 2016.

24  Doc. 76.  She asserts that the Clarkdale Defendants are vicariously liable for Millet's

25  violation of her rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the

26  U.S. Constitution.  *Id.*

27  **B.  Claims against Calvert.**

28  Plaintiff asserted claims against Calvert for intentional inflection of emotional

distress and assault.  Doc. 13 at 21-22.  Calvert was served on May 9, 2016.  Doc. 74.  On Plaintiff's motion, the Clerk entered default on July 7, 2016.  Docs. 88, 90.  Calvert subsequently filed an answer (Doc. 91) and a motion to set aside the default (Doc. 92).

## II.    Motion to Dismiss.

### A.    Legal Standard.

A successful 12(b)(6) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

### B.    Analysis.

Plaintiff's claims against the Clarkdale Defendants fail for two reasons.  First, Plaintiff fails to plead facts which show that these defendants can be held vicariously liable for the actions of Prosecutor Millet.  Second, Plaintiff fails to show that Millet violated her constitutional rights.

#### 1.    Vicarious Liability.

Section 1983 imposes liability only on a person who "subjects, or causes to be subjected," a resident of the United States to the deprivation of federal rights.  42 U.S.C. § 1983.  As the Court previously explained, "[a] municipality cannot be held liable for the torts of its employees under § 1983 on a respondeat superior theory.  Rather, a plaintiff in a § 1983 action must plead facts that, if true, show that a policy, practice, or custom of the entity was a moving force behind a violation of constitutional rights." Doc. 70 at 3 (citations omitted; alterations incorporated).  Plaintiff fails to plead any facts indicating that the actions complained of were the product of a city policy, practice, or

custom.  Therefore, the claims against the City of Clarkdale must be dismissed.

Plaintiff similarly fails to plead any facts showing that the City Council or its individual members caused her to be subjected to a deprivation of federal rights.  She alleges that these individuals knew about Millet's actions, including the letter he sent to her, and did nothing to stop him from violating her rights.  Doc. 76 at 4-5.  These conclusory allegations do not establish a plausible claim that the City Council and its individual members caused Millet to take the actions he did.  *Cf. Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 692 (1978) (section 1983's language "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor").  Therefore, the claims against the City Council and its individual members must be dismissed.

### 2.    Violation of Constitutional Rights.

Plaintiff's first count asserts that Defendants violated the Equal Protection Clause by failing to disclose documents related to this case, and by denying her the benefit of a court hearing.  Doc. 76, ¶¶ 18-22.  The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Plaintiff has not stated a claim under this standard because she has not alleged facts suggesting that Defendants intentionally treated her differently from other individuals facing minor criminal charges.  Nor has she shown that it was irrational for Defendants to request that she pay Calvert's vet bill.  *See* Doc. 77 at 6.

Plaintiff's second count asserts that Defendants violated the Fourth Amendment.  Doc. 76, ¶¶ 23-25.  This claim is not viable because Plaintiff does not identify any search or seizure initiated by Defendants.

Plaintiff's third count asserts that Defendants violated her Fifth Amendment right against self-incrimination by ordering her to admit guilt.  *Id.*, ¶¶ 26-28.  That right does not attach until the government "use[s] an incriminating statement to initiate or prove a

criminal charge." *Stoot v. City of Everett*, 582 F.3d 910, 925 n.15 (9th Cir. 2009). Plaintiff does not allege that the City ever initiated criminal charges. The Court will dismiss this claim.

Plaintiff's fourth count asserts that the Clarkdale Defendants violated her Sixth Amendment right to effective representation of counsel. Doc. 76, ¶¶ 18-22. This claim is not viable because the Sixth Amendment right "does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings," *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991) (citations and internal formatting omitted), and Plaintiff does not allege that criminal proceedings were ever initiated against her.

Plaintiff's fifth count asserts that the Clarkdale Defendants violated the rule of corpus delicti. Doc. 76, ¶¶ 32-35. This claim is not viable because she does not identify any federal law that incorporates this rule.

Plaintiff's sixth count asserts a claim under the Fifth and Fourteenth Amendments for abuse of process. *Id.*, ¶¶ 36-39. This claim is not viable because no charges were ever filed against Plaintiff. *See Garner v. Twp. of Wrightstown*, 819 F. Supp. 435, 445 (E.D. Pa. 1993) (plaintiff could not pursue abuse of process claim under § 1983 because "no criminal charges were ever brought against [plaintiff] and he was never arrested").

Plaintiff's seventh count asserts that Millet violated some of his ethical obligations. Doc. 76, ¶¶ 40-41. This claim is not viable because it fails to identify any violation of federal law.

Plaintiff's last count asserts that Defendants violated 42 U.S.C. § 1985. *Id.*, ¶¶ 42-46. Such a claim cannot proceed absent a valid claim under § 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004) ("[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983").

## C.    Leave to Amend.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."

1   *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks

2   omitted).  But "[a] district court does not err in denying leave to amend where the

3   amendment would be futile."  *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009)

4   (citing *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th

5   Cir. 2004)).  Plaintiff has amended her complaint a third time, and has failed to correct

6   the deficiencies previously identified by the Court.  The Court finds that any additional

7   amendment would be futile, and will therefore dismiss without leave to amend.

8   **III.    Motion to Set Aside Default.**

9          "The determination as to whether a default or a default judgment shall be set aside

10  rests in the sound discretion of the trial court."  *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir.

11  1969).  "[T]he court may refuse to set aside a default, where the defaulting party has no

12  meritorious defense, where the default is due to willfulness or in some other respect the

13  defaulter is not proceeding in good faith."  *Id.*

14         The Court will grant Calvert's motion to set aside the entry of default.  Calvert

15  appears to have meritorious defenses (Doc. 91), and his default does not appear to have

16  been the result of willfulness or bad faith.  Calvert contends that he was involved with

17  settlement negotiations with Plaintiff between May 16 and June 9, 2016, that Plaintiff

18  represented that she was considering a stipulated dismissal and requested additional time

19  to consider such a settlement, that she granted Defendant an open extension to file his

20  answer, and that Plaintiff subsequently filed the motion for entry of default without

21  further notice.  Doc. 92.  Plaintiff does not argue to the contrary.  The Court concludes

22  that Calvert's default is excusable.  Because the Court will set aside the default,

23  Plaintiff's motion for entry of default judgment is moot.

24         **IT IS ORDERED:**

25         1.    The Clarkdale Defendants' motion to dismiss (Doc. 78) is **granted** with

26               prejudice.  No further amendments will be allowed.

27         2.    Defendant Calvert's motion to set aside default (Doc. 92) is **granted**.

28

3.      Plaintiff's motion for default judgment (Doc. 93) is **denied** as moot.

Dated this 25th day of July, 2016.

_____
David G. Campbell
United States District Judge